UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYRAN BLAKE SHARP,

    Petitioner,               Case Number: 04-71457

v.                                           HONORABLE AVERN COHN

DAVID GUNDY,

    Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION UNDER FED. R. CIV. P. 60(b)

This is a habeas case under 28 U.S.C. § 2254. Tyran Blake Sharp, (Petitioner), is a state inmate serving a prison sentence of twenty five to forty years for assault with intent to murder, M.C.L. § 750.83; and three years, four months to five years for attempted armed robbery, M.C.L. §§ 750.92, 750.529. Petitioner, through counsel, has filed a petition for writ of habeas corpus claiming that he is incarcerated in violation of his constitutional rights. The Court denied the petition. See Memorandum Opinion and Order filed December 14, 2005. The Court denied a certificate of appealability on January 12, 2005. The Sixth Circuit also denied petitioner a certificate of appealability and dismissed petitioner's appeal on October 14, 2005. See Sharp v. Gundy, No. 05-1065 (6th Cir. Oct. 14, 2005).

Before the Court is petitioner's Rule 60(b) motion for relief from judgment from the Court's December 14, 2004 opinion. For the reasons that follow, the motion is DENIED.

II.

1

Fed. R. Civ. P. 60(b) provides in relevant part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Petitioner contends that the Court erred in adjudicating his claims without obtaining and reviewing a copy of the transcript from his co-defendant Antwan Horton's preliminary examination, where Petitioner testified against Horton pursuant to a plea agreement.  Petitioner contends that his calls into question the Court's resolution of petitioner's ineffective assistance of counsel claim.  In denying habeas relief to petitioner, the Court found that petitioner was unable to establish that he was prejudiced by trial counsel's advice to plead guilty, because he was unable to show that he would have been acquitted or found guilty of a lesser offense had he gone to trial.  Despite Petitioner's arguments to the contrary, his testimony is not new evidence and fails to convince the Court that the testimony would have altered the Court's analysis of his ineffective assistance of counsel claim regarding Petitioner's pleading guilty.  Petitioner has not otherwise shown that he is entitled to Rule 60(b) relief.

SO ORDERED.

                                                                                                      s/Avern Cohn
                                                            AVERN COHN
Dated: November 14, 2005            UNITED STATES DISTRICT JUDGE
      Detroit, Michigan